UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CHRISTOPHER WILSON,

                Defendant.

17-CR-243 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    On April 9, 2019, this Court sentenced defendant Christopher Wilson to 78 months' incarceration after he pleaded guilty to conspiracy to commit wire fraud in connection with a massive fraudulent telemarketing scheme. (J., ECF No. 446.) He is currently serving his sentence at the Elkton Federal Correctional Institution in Lisbon, Ohio ("FCI Elkton"), and is projected to be released on January 25, 2025. (Def's Mot. at 1, ECF No. 576.)  Wilson now moves pro se under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), to reduce the remainder of his sentence to time served. (*Id.*) The compassionate release statute allows a court to grant a sentence reduction upon a defendant's motion for "extraordinary and compelling reasons," provided the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Since Wilson submitted a request to the warden of FCI Elkton on June 7, 2020, it appears that he has exhausted his administrative rights. (Def's Mot. Ex. A, ECF No. 576.)

    Wilson contends that his pre-existing health conditions, combined with the danger of COVID-19 infection at FCI Elkton, constitute "extraordinary and compelling reasons" to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Courts have recognized that the risks of COVID-19 infection for defendants with pre-existing health conditions can provide extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Graham*, No. 16-CR-786-02, 2020 WL 5604050, at *3 (S.D.N.Y. Sept. 17, 2020); *United States v. Zukerman*, 451 F. Supp. 3d 329, 334-35 (S.D.N.Y. 2020). Although Wilson, age 35, does not fall within a high-risk age group for severe COVID-19 illness, he claims he suffers from asthma, sleep apnea, and gastrointestinal reflux disease. (Def's Mot. at 1, 4.) Moreover, he has already contracted COVID-19 once while at FCI Elkton, which currently reports two active COVID-19 cases among inmates and two active COVID-19 cases among staff. Def's Mot. at 5; *BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Sept. 29, 2020).

Regardless of whether these factors constitute "extraordinary and compelling circumstances," the Court must also find that "the factors set forth in section 3553(a)" favor a reduction. 18 U.S.C. § 3582(c)(1)(A). These factors mandate consideration of, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A). Here, the Court finds that a sentence reduction is not warranted. Wilson's conduct was extremely serious. He pled guilty to participating in a large-scale, multiyear telemarketing scheme that targeted primarily people over seventy years old, defrauding them out of millions of dollars. (*See* PSR ¶¶ 12–25, ECF No. 548.) Wilson deliberately preyed on the victims' vulnerabilities to convince them to invest money in the scheme, sometimes denuding the elderly victims of their life savings. (Sentencing Submission 2–3, ECF No. 408; Sentencing Tr. 19, ECF No. 478.) Wilson was a manager or supervisor for the conspiracy and personally responsible for a loss of $550,000 to $1.5 million. (PSR ¶¶ 6, 24–25; Sentencing Tr. 17, ECF No. 478.) The Sentencing Guidelines range for Wilson's conduct was 87 to 108 months' imprisonment (PSR ¶ 6, ECF No. 548), significantly higher than the 78-month sentence ultimately imposed by this Court. (J., ECF No. 446.) Wilson has only served a small fraction—approximately twenty percent—of his sentence since his incarceration on June 3, 2019. (*Id.*) Under these circumstances, the Court cannot find that the section 3553(a) factors support Wilson's requested sentence reduction.

Accordingly, IT IS HEREBY ORDERED that Wilson's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Christopher Wilson [79656-054], FCI Elkton, Federal Correctional Institution, P.O. Box 10, Lisbon, OH 44432.

Dated: New York, New York
      September 30, 2020

SO ORDERED

*[signature]*

SIDNEY H. STEIN
U.S.D.J.